UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANDREW F. CAPOCCIA, | CASE NO. 1:06 CV 1983 |
| Plaintiff | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| KEY BANK, N.A., et al., | MEMORANDUM OF OPINION AND ORDER |
| Defendants | |

On August 18, 2006, plaintiff pro se Andrew F. Capoccia filed this in forma pauperis diversity action against Key Bank, N.A., Henry V. Kerr, Todd Strassberg, and Strassberg & Strassberg, P.C. Capoccia is currently an inmate at the Federal Correctional Institution at Loretto, Pennsylvania, but states that he is a "resident of the County of Albany, State of New York." Todd Strassberg and Strassberg & Strassberg are located in New York. Key Bank, N.A. is identified as a national banking association with headquarters in Cleveland, Ohio, where Kerr's offices are located. The complaint seeks to assert common law claims of fraud, abuse of process, misrepresentation, libel against title to real property, conspiracy to defraud, and deceit. For the reasons stated below, this action is dismissed.

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319

---

[1] A claim may be dismissed sua sponte, without prior
(continued...)

(1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

It is clear on the face of the complaint that there is not complete diversity of citizenship of the parties. Therefore, the court lacks jurisdiction over this matter, see Caudill v. North America Media Corp., 200 F.3d 914, 916 (6th Cir. 2000), and this action is appropriately subject to dismissal under Section 1915(e). Lowe v. Hustetler, No. 89-5996, 1990 WL 66822 (6th Cir. May 21, 1990).

Accordingly, this action is dismissed without prejudice. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

      /s/ *SOLOMON OLIVER, JR.*
      UNITED STATES DISTRICT JUDGE

October 4, 2006

---

(...continued)
notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).